JUSTICE LEAPHART
dissenting.
¶30 I dissent.
¶31 The Court concedes that the District Court committed error when it excused the jurors for cause prior to voir dire and without the in-court examination or “trial” as required by § 46-16-115(1), MCA. The Court concludes, however, that the error did not amount to a “material failure to substantially comply” with statutory procedures, and, thus, the Court engages in a harmless error analysis.
¶32 The Court purports to distinguish the decision in State v. LaMere, 2000 MT 45, 298 Mont. 358, 2 P.3d 204, where we held that the failure to summon jurors by mailing or personally serving prospective jurors with written jury summons constituted a material failure to substantially comply with the jury selection statutes. However, in focusing on the fact that the juror in question was panelist #43 and was thus “immaterial” or of no consequence to the jury as empaneled, the Court ignores the analytical principles established in LaMere.
¶33 In LaMere we held that the “substantial compliance” standard is designed to “protect the random nature and objectivity of the jury selection process.” LaMere, ¶ 57. “In turn, technical violations-even numerous such violations-that do not frustrate these goals or result in discrimination and arbitrariness do not constitute a substantial failure to comply.” LaMere, ¶ 58. To be substantial deviation, the departure *443 must be “a material one.” LaMere, ¶ 59.
¶34 In light of the above principles, we held:
Therefore, if the statutory violation is “substantial” or “materiaF-viewed in terms of the underlying principles of ensuring that jury venires are selected randomly and on the basis of objective criteria-then it cannot be considered non-prejudicial to the defendant.
LaMere, ¶ 60.
¶35 Importantly, for purposes of this case, we went on in LaMere to say:
A departure from the statutory scheme that directly or materially affects the random nature or objectivity of the jury selection process establishes a substantial violation independently of the departure’s consequences in an individual case. Conversely, a mere “technical” or “immaterial” violation-one that does not undermine the objective procedures designed to produce a jury venire consisting of a fair cross-section of the community-constitutes non-prejudicial error under the substantial compliance standard.
LaMere, ¶ 60 (emphasis added).
¶36 Here, the departure from the statutory scheme consists in excusing a panel member without the requisite “trial” by the court. Thus, the question is, does the excusing of a panel member without trial by the court materially affect the objectivity of the jury selection process? Under LaMere, this question must be answered independently of the departure’s consequences (or lack thereof) in this particular case. Clearly, the excusing of prospective jurors at the behest of a litigant, without a statutorily required “trial” by the court “materially affects” the objectivity of determining juror disqualification. The error was thus structural in nature, and the Court should not have adopted a harmless error rationale.
CHIEF JUSTICE GRAY and JUSTICE NELSON join in the foregoing dissent.